

# UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF WASHINGTON

MARY K. DIMKE
UNITED STATES DISTRICT JUDGE

825 JADWIN AVENUE, ROOM 190
RICHLAND, WASHINGTON 99352
(509) 943-8160

April 29, 2025

RE: *Contreras, et al. v. Heritage University, 1:22-CV-03034-MKD*

Dear Counsel:

You are currently scheduled to try a civil jury trial in my Court beginning May 5, 2025 in Yakima. I will employ the following procedures during that trial.

**1. Juror Questionnaires**

On the Thursday before trial, the Deputy Clerk will enter the names of the jurors into the computer which randomly assigns a number to each juror. The juror questionnaires will then be ordered in the number assigned to the juror. On the Thursday prior to trial, you may obtain from the Clerk's Office: (1) two copies of the juror questionnaires for each counsel, and (2) a seating chart showing where the jurors will be seated. You may not photocopy, scan, or duplicate the juror questionnaires. The juror questionnaires must be returned to the Clerk's Office at the conclusion of jury selection.

Counsel, the parties and/or their representatives/agents **may not** conduct any research on or investigation of any potential juror outside of what is contained in the jury questionnaire and learned during jury selection.

**2. Pretrial Conference**

A final pretrial conference will be held at 8:30 a.m. on the first day of trial. Issues that require discussion will be addressed at that time. The parties shall present a joint summary statement of the case to the Court which will be read to the venire. Final witness lists will be provided to the Court at this conference. The conference will conclude by 8:50 a.m.

**3. Jury Introduction**

The jurors will be brought to the courtroom at 9:00 a.m. and will be seated in accordance with their assigned number and the seating chart. The entire jury panel will then be administered the oath regarding jury qualifications.

I will welcome the jury, read a summary statement of the case, and give an estimated length of the trial. I will explain the fundamental importance of jury duty. I will advise the jurors that if they are asked any questions that would cause them embarrassment or are of a personal nature, they may raise their hand and ask to discuss the matter privately.

April 29, 2025
Page 2

**4. Court Introduction and Voir Dire**

Next, I will:

    a. Introduce the courtroom staff, with a brief explanation of their roles;

    b. Introduce Plaintiff's counsel who will introduce those at Plaintiff's table. I will then ask the jury panel as a whole whether they are familiar with anyone at Plaintiff's table;

    c. Introduce defense counsel who will introduce those at Defendant's table. I will ask the jury panel as a whole whether they are familiar with anyone at Defendant's table; and

    d. Read the list of possible witnesses that has been provided to me by the parties, again, asking the jury panel if they are familiar with each witness as I name them.

I will then ask the following general questions to the entire panel:

    1. Are you familiar with, have heard or read anything about the case?

    2. Do you or any member of your immediate family have any dealings with any of the parties?

    3. Would anyone not be able to render a verdict solely on the evidence presented at trial applying the law as given by the Court, disregarding any other ideas, notions or beliefs about the law that you may have?

    4. Does anyone have a mental or physical infirmity that would make serving as a member of this jury difficult or impossible or that requires special attention during the course of the trial?

Following those general questions, I will ask each juror to stand and answer the following questions:

    1. What is your Juror Number?

    2. What is your area or city of residence?

    3. Do you belong to clubs, unions, or other organizations and do you hold, or have you held in the past, any leadership positions in those groups?

    4. What is your favorite book and/or movie?

    5. If you watch television or streaming services, what is your favorite program or series?

April 29, 2025
Page 3

6.  Do you regularly read or obtain news from any outlets?  If so, which ones?

7.  Do you have any hobbies?

8.  Have you ever been involved, as a party or a witness, in a civil matter?

9.  Have you ever served as a juror?

10. Do you know any other juror?

11. Can you be attentive to the evidence and be fair to the parties in this case?

I will then ask selected questions from those questions previously submitted by counsel and any additional questions I may have.

**5.  Counsel Voir Dire**

Counsel for each party will then be allowed 60 minutes of voir dire.

I will again ask whether anyone would not be able to render a verdict solely on the evidence presented at trial applying the law as given by the Court, disregarding any other ideas, notions or beliefs about the law they may have.

**6.  Jury Selection**

Following counsel voir dire, the Court will conduct jury selection using the "struck jury" system.

First, counsel will address challenges for cause at the bench (outside the hearing of the jury). Counsel shall provide the name and number of the juror for the Court to examine.

Next, the Court will take peremptory challenges as follows:

> 1 Plaintiff, then 1 Defendant;
> 1 Plaintiff, then 1 Defendant; and
> 1 Plaintiff, then 1 Defendant.

The parties are not permitted to back-strike when using their peremptory challenges; that is, a party may not strike a lower numbered juror than **that** party's earlier peremptory challenges.  For example, if the Plaintiff strikes Prospective Juror No. 5 with its first peremptory challenge, it may not strike any prospective juror with a lower number with its remaining peremptory challenges.  If a party waives a peremptory challenge, that peremptory challenge is lost.

April 29, 2025
Page 4

The Court will hear any *Batson* objections at the bench on the record, but out of hearing of the jury. After addressing any *Batson* objections, all jurors will be removed from the jury box and the first 10 jurors who have not been challenged will be seated in sequence.

I will then ask the parties on the record if the jury that is seated is the jury that they have selected. Upon receiving assurances from both parties, the jury will be sworn. Following the administration of the oath to the seated jury, the remaining jurors will be excused with the thanks of the parties through the Court.

**7. Juror Notebooks**

The seated jurors will each receive a notebook, which will contain (1) a welcome page with brief instructions; (2) the court's preliminary instructions; (3) blank paper for notes, and (4) a pen. I will read the Preliminary Instructions at this time. If not addressed at the pretrial conference, a copy of the Preliminary Instructions will be provided to the parties at 8:30 a.m. on the first morning of trial.

**8. Opening Statements**

Each party is permitted up to 30 minutes for opening statements.

**9. Objections**

Objections shall be stated in a simple manner as "Relevance" or "Hearsay." There shall be no speaking objections of unnecessary length. Side bar conferences are highly discouraged. If an objection requires a conference at the Bench, counsel shall ask for a hearing during the recess, lunch, before or after court.

**10. Evidence and Exhibits**

All evidence, charts, summaries, and exhibits (including demonstrative or illustrative) must be viewed by opposing counsel prior to their introduction. All exhibits shall be presented electronically. One marked hard copy of all exhibits must be available in the courtroom.

**11. Witnesses**

A court staff member will take a photo of each witness. You should advise your witnesses that they will have their photo taken immediately before or after their testimony. The photo will then be placed in a binder and given to the jury during deliberations. The photos will be destroyed immediately following the trial.

By 5:00 p.m. each business day, the parties are required to disclose to opposing counsel the list of witnesses they intend to call the next trial day.

April 29, 2025
Page 5


## 12. Closing Arguments

During closing argument, counsel are reminded not to express their personal beliefs as to the credibility of any witness.  Specifically, counsel should not indicate they believe or do not believe the testimony provided by particular witnesses.  In addition, counsel must refrain from encouraging jury members to place themselves in the position of the Plaintiff or Defendant when considering the evidence and determining their verdict.

## 13. Electronic Presentations

All exhibits must be presented electronically.  If you intend to use any electronic presentation equipment and are unfamiliar with the courtroom's technology, you shall contact the Courtroom Deputy, Cora Vargas, via e-mail to cora_vargas@waed.uscourts.gov, prior to trial and schedule an orientation.

## 14. Courtroom Protocol / Trial Schedule

All counsel must be present at 8:00 a.m. to take up matters outside the presence of the jury. Testimony will commence at 8:30 a.m.  Trial days are typically Monday-Friday, 8:00 a.m. to 5:00 p.m., unless the Court orders otherwise.  The Court will take a 15-minute break around 10:15 a.m.  Lunch recess is normally 12:00 p.m. to 1:00 p.m.  There will be one break during the afternoon session usually around 3:15 p.m.  The Court will inquire whether the jury would like to modify the hours.

Counsel are expected to be early to Court and prepared for trial each day with sufficient witnesses for the entire day.  Counsel should stand when addressing the Court.  The Court is always addressed as "Your Honor" or "Judge."  Counsel must always use and stay at the podium when addressing the Court, the jury, and questioning witnesses.

## 15. Jury Verdict

After the case has been submitted to the jury, each party must designate an attorney to be contacted during jury deliberations and provide that attorney's cell phone number.  Each party and counsel will have twenty minutes to be in the courtroom if the jury has a question that must be answered by the Court.  When the jury has reached a verdict, each party and counsel will have twenty minutes to be in the courtroom to hear the verdict.

Please familiarize yourselves with the Local Rules of the Eastern District of Washington, in particular, LCivR 83.1, "Courtroom Practice and Civility."

April 29, 2025
Page 6

I look forward to seeing you on the first day of trial.  If you have any questions, please contact Courtroom Deputy, Cora Vargas (cora_vargas@waed.uscourts.gov).


Regards,


*s/Mary K. Dimke*
MARY K. DIMKE
United States District Judge