**EXHIBIT 2**

**From:** Paul J. Triesch <Ptriesch@kbmlawyers.com>
**Sent:** Tuesday, May 6, 2025 6:54 AM
**To:** 'Cora Vargas' <Cora_Vargas@waed.uscourts.gov>; 'dimkeorders@waed.uscourts.gov' <dimkeorders@waed.uscourts.gov>
**Cc:** sydney@cedarlawpllc.com; lara@cedarlawpllc.com; kaitlin@cedarlawpllc.com; Hill, Melissa <hill_m@heritage.edu>
**Subject:** RE: Contreras et al v. Heritage University

**Please email your lists to me and dimkeorders@waed.uscourts.gov.** *See* below.

The attached list and releases associated with witnesses that are at exhibits 609 (Quintana), 602 (Beck), 603 (DeBrino), 604 (Leon), and 608 (Vrecenar) show each was paid sums before and unrelated to the larger sums paid for which Heritage's CFO requested release language.

Former plaintiff Ian Ahrens settled in a mediation, but well before that and before this litigation commenced he was paid $2,472.37. Erica Kroneck was also paid $4,141.79 well before litigation commenced. Former plaintiff Kyle Olson settled in the last two weeks, but well before litigation he also was paid $$4,002.51. This is also true of former plaintiff Cody Rodman, who was paid $6,000.00 on June 3, 2021. At a minimum, these sums and settlements are admissible.

**Defendant maintains that monies paid to non-plaintiff cohort 6 students is admissible.**

Defendants "settlements" with non-party cohort 6 students, despite being provided in exchange for a waiver of liability agreement, are relevant and admissible regarding the good faith conduct of defendant to remedy the potential damages caused to cohort 6 by the ARC-PA's decision to renege on a written accreditation standard and disallow "teach out." Unlike, for example, a tort settlement by prior party defendants, the monies paid to HU cohort 6 students cannot be alleged as a basis to argue that third-party settlements prove those settling cohort 6 students were responsible for the damages claimed by Plaintiffs in the present suit, or that Plaintiffs did not really suffer the damages being sought.

Defendant is not attempting to prove the invalidity or amount of the Plaintiffs' claim by this evidence. The testimony will be that these "settlements" were offered to cohort 6 students specifically to meet the tuition differentials, travel and incidental costs associated with enrolling in new PA programs to complete their education at an accredited program.

The testimony will be that HU President Sund and other university leaders made a decision to attempt to minimize any financial detriment to cohort 6 students caused by the ARC-PA's decision to renege on a written institutional responsibility to "teach out" and disallow teach out.

These specific monies eventually paid to *exclusively non-parties* in cohort 6 was provided in exchange for a release and waiver; a decision made by the then-CFO as a prudent business decision. However, these settlements have no possibility of being construed as a basis to minimize Plaintiffs' claims. Here, the risk of discouraging or distorting the settlement process is reduced, and the case for admitting is stronger, if not compelling. It is better to resolve the question of admissibility by reference to Rule 401 to 403, rather than 408. Here, the balance compels admission of this evidence.

Regards,

*Paul*
Paul J. Triesch
Keating Bucklin & McCormack, Inc., P.S.
1201 Third Avenue, Suite 1580
Seattle, Washington 98101
ptriesch@kbmlawyers.com
www.kbmlawyers.com
Office 206.623.8861
Cell 360.362.2120
Fax 206.223.9423

**CONFIDENTIAL AND PRIVILEGED ATTORNEY-CLIENT COMMUNICATON**

This message is confidential and is intended only for the named recipient(s). This message may contain information that is privileged as attorney-client communication, attorney work product or under another exemption from disclosure. If you are not the intended recipient(s) of this message, the dissemination, distribution or copying of this message is prohibited. If you receive this message in error, or are not the named recipient(s), please notify the sender at either the e-mail address or the telephone number above and delete this message from your computer. Receipt by anyone other than the named recipient(s) is not a waiver of any attorney-client, work product, or other privilege.

**From:** Cora Vargas <Cora_Vargas@waed.uscourts.gov>

**Sent:** Monday, May 5, 2025 8:49 PM
**To:** Paul J. Triesch <Ptriesch@kbmlawyers.com>
**Cc:** sydney@cedarlawpllc.com; lara@cedarlawpllc.com; kaitlin@cedarlawpllc.com
**Subject:** Re: Contreras et al v. Heritage University

Hello Counsel,

Please email your lists to me and dimkeorders@waed.uscourts.gov. Thank you.

Sent via the Samsung Galaxy S24+, an AT&T 5G smartphone
Get Outlook for Android