FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jul 25, 2025

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| YADIRA CONTRERAS, ERICA KRONECK, <br><br>　　　　　Plaintiffs, <br><br>　v. <br><br>HERITAGE UNIVERSITY, <br><br>　　　　　Defendant. | No. 1:22-CV-03034-MKD <br><br> ORDER DENYING DEFENDANT'S MOTION FOR JUDGMENT AS A MATTER OF LAW <br><br> **ECF No. 173** |

　　Before the Court is Defendant's Motion for Judgment as a Matter of Law. ECF No. 173.  Sydney Bay, Lara Hruska, and Kaitlin Leifur-Masterson represent Plaintiffs.  Paul Triesch represents Defendant.  The Court has reviewed the motion and record and is fully informed.  For the reasons explained below, the Court denies the motion.

ORDER - 1

# BACKGROUND

The background of this case has been previously summarized, both by this Court and by the Ninth Circuit. *See* ECF Nos. 77, 83, 146. The summary below is relevant to the instant motion.

On May 5, 2025, a jury trial commenced. ECF No. 149. Over five days, the jury heard testimony from seventeen witnesses. ECF Nos. 149, 153-56. After Plaintiffs rested on May 9, 2025, Defendant moved for judgment as a matter of law under Fed. R. Civ. P. 50(a) as to Plaintiffs' Washington Consumer Protection Act (CPA), breach of contract, breach of the covenant of good faith and fair dealing, and fraudulent misrepresentation claims, relying on arguments raised in its trial brief. ECF No. 156 at 2; *see* ECF No. 115. The Court reserved ruling on Defendant's motion. ECF No. 156 at 2. After an additional witness for Defendant and two days of deliberation, the jury returned verdicts for each Plaintiff on five causes of action: violation of the CPA, breach of contract, breach of covenant of good faith and fair dealing, fraudulent misrepresentation, and negligent misrepresentation.[1] ECF Nos. 163, 165. The jury awarded Plaintiff Contreras $247,000 in damages, ECF No. 163 at 3, and Plaintiff Kroneck $270,000 in

---

[1] The Court did not send Plaintiffs' promissory estoppel and unjust enrichment claims to the jury. ECF No. 156 at 1.

ORDER - 2

damages, ECF No. 165 at 3.  Defendant filed the instant motion on June 4, 2025. ECF No. 173.

## LEGAL STANDARD

On a motion for judgment as a matter of law under Fed. R. Civ. P. 50(b), the Court looks to "whether the evidence, construed in the light most favorable to the nonmoving party, permits only one reasonable conclusion, and that conclusion is contrary to that of the jury." *Estate of Diaz v. City of Anaheim*, 840 F.3d 592, 604 (9th Cir. 2016) (internal citations and quotation marks omitted); *see also E.E.O.C. v. Go Daddy Software, Inc.*, 581 F.3d 951, 961 (9th Cir. 2009) (on a Rule 50 motion, the Court "must view the evidence in the light most favorable to the nonmoving party … and draw all reasonable inferences in that party's favor.") (citation and internal quotation marks omitted).  The Court may not make credibility determinations or weigh the evidence.  *Estate of Diaz*, 840 F.3d at 604; *see also Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 151 (2000).  "A jury's verdict must be upheld if it is supported by substantial evidence, which is evidence adequate to support the jury's conclusion, even if it is also possible to draw a contrary conclusion." *Pavao v. Pagay*, 307 F.3d 915, 918 (9th Cir. 2002).

## DISCUSSION

Defendant moves to vacate the jury's verdict with respect to Plaintiffs' CPA, breach of contract, breach of the covenant of good faith and fair dealing, and

ORDER - 3

fraudulent misrepresentation claims. ECF No. 173 at 1. The Court addresses each in turn.

  1. CPA

The CPA provides that "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce" are unlawful. RCW 19.86.020. Washington courts use a five-part test to assess private actions brought under the CPA. *Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.*, 719 P.2d 531, 535 (Wash. 1986). Plaintiffs must demonstrate (1) an unfair or deceptive practice or act; (2) in commerce or trade; (3) that affects the public interest; (4) injury to the plaintiffs' business or property; and (5) a causal link between the unfair or deceptive practice or act and the injury suffered. *Id.*

Defendant argues the trial evidence was insufficient to satisfy the third and fifth elements. ECF No. 173 at 7; *see also* ECF No. 115 at 7-8. Substantial evidence supports the jury's conclusion as to both elements. As to the public interest element, Plaintiffs proffered substantial evidence that prospective members of Cohort 6 were consistently advised that a loss of accreditation, if it occurred, would not adversely affect them and that Defendant gave misleading statements about the consequence of a possible loss of accreditation in publicly available

documents.² *See Hangman Ridge*, 719 P.2d at 538 ("Factors indicating public interest in this context include: (1) Were the alleged acts committed in the course of defendant's business? (2) Did defendant advertise to the public in general? (3) Did defendant actively solicit this particular plaintiff, indicating potential solicitation of others? (4) Did plaintiff and defendant occupy unequal bargaining positions?"); *see also Indoor Billboard/Washington, Inc. v. Integra Telecom of Washington, Inc.*, 170 P.3d 10, 21 (Wash. 2007) (en banc) (concluding that the "CPA is to be liberally construed").

And as to the causal link element, Plaintiffs testified as to the financial costs incurred as a result of needing to enroll in different, accredited PA programs and move out of Yakima. Plaintiffs sufficiently testified and proffered ample evidence that "but for [Defendant's] unfair or deceptive practice, [Plaintiffs] would not have suffered an injury." *Id.* at 22. Because the trial evidence does not compel a conclusion "contrary to that of the jury," *Estate of Diaz*, 840 F.3d at 604 (internal

---

² Notably, when viewing the record evidence at summary judgment, the Ninth Circuit concluded "[a]n impact of this breadth is injurious to the public interest under the CPA." ECF No. 83 at 5 (citation omitted). The trial evidence does not compel the Court to depart from this previous conclusion.

ORDER - 5

citations and quotation marks omitted), the Court denies Defendant's motion with respect to Plaintiffs' CPA claims.

2. *Breach of Contract*

To establish breach of contract, Plaintiffs must demonstrate: (1) the existence of a valid contract; (2) breach of that contract; and (3) resulting damages. *Nw. Indep. Forest Mfrs. v. Dep't of Labor & Indus.*, 899 P.2d 6, 9 (Wash. Ct. App. 1995). Defendant challenges the sufficiency of the evidence as to second and third elements. ECF No 173 at 8-9. Substantial evidence supports the jury's conclusion as to both elements. As to breach, Defendant argues "there was no evidence presented at trial proving a binding obligation between Defendant and Plaintiffs that would require or ensure such a placement [in another accredited PA program]." *Id*. Defendant's argument overlooks Plaintiffs' theory of the case: Plaintiffs presented to the jury that Defendant assured students its "probationary status will not have an impact on our students in any way they will still be allowed to graduate and take the boards [sic]." Exhibit 10. It is undisputed, however, that Plaintiffs could not continue their studies with and graduate from Defendant's program. Further, as Plaintiffs argue, *see* ECF No. 182 at 23-24, this assurance conflicted with the ARC-PA's dual definitions of "Teaching Out," with which the jury was presented: "[a]llowing students already in the program to complete their education or assisting them in enrolling in an ARC-PA accredited program in

ORDER - 6

which they can continue their education." Exhibit 500 at 30.  Plaintiffs presented substantial evidence that this information was not shared with Plaintiffs or other students in Defendant's public communications.  *See, e.g.*, Exhibits 2, 7, 116-119.  The jury was thus presented with substantial evidence from which to conclude Defendant had and breached the obligation to "teach out" students through graduation.[3]  Defendant also raises impossibility as a defense—as it did to the jury—arguing that "the ARC-PA's unilateral decision to renege on that commitment made it impossible for Defendant to fulfill that contract term," and that "no reasonable jury could conclude that all conditions precedent to Defendant's duty and ability to 'teach out' had been met; the evidence was expressly to the contrary." ECF No. 173 at 9.  This factual dispute was presented

---

[3] It bears emphasizing that the Ninth Circuit, when reviewing the record at summary judgement, concluded there was a "genuine dispute as to whether it was reasonable for [Plaintiffs] to rely on Heritage's assurances that Cohort 6 would be able to finish—to 'teach out'—the PA program at Heritage and take the appropriate board exams after a loss in accreditation." ECF No. 83 at 6.  This factual dispute was presented to the jury and the jury reasonably resolved the dispute in Plaintiffs' favor.

ORDER - 7

1  to the jury—and the jury was so instructed, *see* ECF No. 162 at 24—and the jury

2  reasonably resolved the dispute in Plaintiffs' favor.

3        As to damages, both Plaintiffs presented substantial evidence of financial

4  expenses of, among other things, needing to enroll in different, accredited PA

5  programs and move out of Yakima.  Because the trial evidence does not compel a

6  conclusion "contrary to that of the jury," *Estate of Diaz*, 840 F.3d at 604 (internal

7  citations and quotation marks omitted), the Court denies Defendant's motion with

8  respect to Plaintiffs' breach of contract claims.

9        3. *Breach of the Covenant of Good Faith and Fair Dealing*

10        "There is in every contract an implied duty of good faith and fair dealing.

11  This duty obligates the parties to cooperate with each other so that each may obtain

12  the full benefit of performance." *Badgett v. Sec. State Bank*, 807 P.2d 356, 360

13  (Wash. 1991) (en banc) (citations omitted).  Defendant argues only that Plaintiffs

14  "did not identify a specific contractual obligation that Defendant breached."  ECF

15  No. 173 at 10.  However, viewing the record evidence in the light most favorable

16  to Plaintiffs, the Court concludes the jury reasonably found Defendant "promised

17  to provide a PA program that would allow [Plaintiffs] to complete their two years

18  of instruction, obtain a degree, and take the appropriate boards even if the program

19  lost accreditation."  *See* ECF No. 83 at 7.  The Court thus denies Defendant's

20

ORDER - 8

motion with respect to Plaintiffs' breach of the covenant of good faith and fair dealing claims.

### 4. Fraudulent Misrepresentation

"There are nine essential elements of fraud, all of which must be established by clear, cogent, and convincing evidence: (1) a representation of existing fact, (2) its materiality, (3) its falsity, (4) the speaker's knowledge of its falsity, (5) the speaker's intent that it be acted upon by the person to whom it is made, (6) ignorance of its falsity on the part of the person to whom the representation is addressed, (7) the latter's reliance on the truth of the representation, (8) the right to rely upon it, and (9) consequent damage." *Elcon Const., Inc. v. E. Washington Univ.*, 273 P.3d 965, 970 (Wash. 2012) (citation omitted).  In cursory fashion, Defendant argues only that "[t]here was no evidence presented at trial proving that Defendant mispresented a presently existing fact to intentionally deceive Plaintiffs, much less evidence meeting the burden of proof by clear, cogent and convincing evidence." ECF No. 173 at 10.  However, as Plaintiffs correctly argue, the jury was presented with sufficient evidence to conclude Defendant made knowing misrepresentations concerning "the basis for the probationary accreditation and the potential impact" of a loss of accreditation.  ECF No. 182 at 27; *see, e.g.*, Exhibits 2, 4, 27, 35.  And, as discussed above, substantial evidence showed Defendant communicated to Plaintiffs that, regardless of Defendant's accreditation status,

ORDER - 9

they would be able to graduate from the program.  Plaintiffs presented sufficient evidence for the jury to reasonably conclude that Defendant's employees knew this to be untrue and made these false representations to Plaintiffs, who "properly relied on those representations to their detriment." ECF No. 182 at 27.  The Court thus denies Defendant's motion with respect to Plaintiffs' fraudulent misrepresentation claims.

## CONCLUSION

For the reasons stated above, the Court denies Defendant's motion.  As to all claims, the jury's verdict is supported by substantial evidence.  *See Pavao*, 307 F.3d at 918.

Accordingly, **IT IS SO ORDERED:**

1. Defendant's Motion for Judgment as a Matter of Law, **ECF No. 173**, is **DENIED**.

**IT IS SO ORDERED.**  The District Court Executive is directed to enter this Order and provide copies to counsel.

DATED July 25, 2025.

<u>*s/Mary K. Dimke*</u>
MARY K. DIMKE
UNITED STATES DISTRICT JUDGE

ORDER - 10